IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2026 JAN -9  P 2: 51

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**GREGORY KELLY AND**
**ANNETTE B. KELLY**

 **Plaintiffs;**

                                          2:26-cv-00019-ECM-JTA

**Vs**


**MONTGOMERY CITY-COUNTY PERSONNEL  DEPARTMENT (MPD)**
 **CARMEN DOUGLAS**
**THE  MONTGOMERY CITY-COUNTY PERSONNEL  BOARD   (MPB)**
**JOHN L. BAKER**
**JAMES R. SEALE**
**JACQUELINE CRAWFORD**
**CITY OF MONTGOMERY, AL**
**MAYOR STEVEN  L. REED**
**CITY OF MONTGOMERY  ECONOMIC DEVELOPMENT**
**CITY OF MONTGOMERY ENGINEERING & ENVIRONMENATL SVC**
**CITY OF MONTGOMERY TRAFFIC ENGINEERING**
**CITY OF MONTGOMERY PLANNING**
**CITY OF MONTGOMERY INSPECTION**
**CITY OF MONTGOMERY SANITATION**
**CITY OF MONTGOMERY PARKS AND RECREATION**
**CITY OF MONTGOMERY  POLICE DEPARTMENT**
**CITY OF MONTGOMERY  FIRE  DEPARTMENT**
**MONTGOMERY AREA  TRANSIT SYSTEM**
**CITY/ COUNTY OF MONTGOMERY ATTORNEY'S OFFICE**
**MONTGOMERY CITY/ COUNTY EMERGENCY  AGENCY ( EMA)**


**Defendants;**

1

## PLAINTIFFS ORIGINAL COMPLAINT

**COME NOW**, the Plaintiffs, Gregory and Annete B, Kelly, in the above style action and files this Compliant for retaliation, discrimination against and slapped with state court orders **[Ex #1]** to prevent from testifying in court about RICO Act schemes by the Defendants and Defendants business associates exploiting a federally funded Paycheck Protection Program (PPP), Restaurant Revitalization Fund **(RRF)** and Feeding Our Future child nutrition program in the Federal Child Nutrition Program; administered by the USDA during the COVID-19 pandemic, and for violations under the Federal Child Nutrition Program; administered by the USDA, and the Emergency Rental Assistance (ERA) (ERA1 & ERA2) during the COVID-19 pandemic, funded by the U.S. Treasury **against the above Defendants in their "individual and their official capacity" and ASU Machine ( secret society) Gang Members** for violating the Plaintiffs civil right under the Title VI of the Civil Right Act of 1964 which forbids retaliation and discrimination related to program and governmental agencies that receive federal funds under the Title VI Civil Rights laws, under 42 U.S. Code § 2000e-2, which bans unlawful employment practices First Amendment ; and unlawful discrimination under of the ADA Act, and the Fourteenth Amendment to the United States Constitution and under the color of state and federal laws, 42 U.S.C. § 1981, § 1982 , § 1983, and § 1986, and the

2

Defendants  "**whites-only**" burial contracting policies or practices, at the Defendants  "Oakwood Cemetery" and the  Plaintiffs are seeking criminal charges under the RICO Act,  RICO Act Conspiracy, the RPA Act,  the CAARA Act price and rates  fixing  causing  water and sewer bills to being abnormally  high and the SOX Act **[Ex #2]**  for knowingly certifying false financial reports (Sec. 906), destroying records (Sec. 802),  and intimidating  and retaliating against whistleblowers (Sec. 1107).The Plaintiff  brings this cause of action against the Defendants for "**forced labor**" and  "**polluting -for profit**" crimes**[Ex #3]**   and dealing in Ozone-depleting substances (ODS) and  controlled dangerous substances ( ;CDS) and banned pesticides, and introducing or cause to introduce these banned ODS greenhouse gases and barred CDS chemicals and toxic pesticides  and banned and unregulated THC and Hemp  intoxicating products **into interstate commerce**.     The Defendants and ASU Machine ( secret  society) Members   and the Defendants' contractors  have intentionally  deprived the Plaintiffs of their protected rights and "**attempting  to criminalize**"  **and defame the** Plaintiffs  for  their protected whistleblowing activities and for filing lawsuits and the  U.S Office of Special Counsel (OSC)  Prohibited personnel practices (PPPs) and state Ethic complaints about the   Defendants'  **GMC** (Good Moral Character) and **CIMT** (Crime Involving Moral Turpitude). **Thereby harming the Plaintiffs  in the sum of $2, 600,000,000**

3

## I.    NATURE OF COMPLAINT

1. Said actions have brought **Plaintiffs** Gregory Kelly  and Annette B. Kelly against **Defendants**  the  Montgomery  City-County  Personnel  Department , Carmen Douglas , the Montgomery  City-County  Personnel  Department, John L .Baker , James R. Baker ,James R. Seale, Jacqueline Crawford , the City of Montgomery,  Mayor Steven L. Reed and City  of Montgomery  Economic  Development , City  of Montgomery  Engineering and Environment  Services, City  of Montgomery  Engineering and Environment  Services, City  of Montgomery  Traffic Engineering Division, City  of Montgomery  Planning Division,  City  of Montgomery Inspection  Division City  of Montgomery Sanitation  Division; City  of Montgomery Parks , Recreation  and  Special Events and City  of Montgomery Police Department , City  of Montgomery Fire Department , Montgomery Area Transit System;  City/ County  of Montgomery Attorney's **Office and** Montgomery and City/ County Emergency  Agency ( EMA)

2. The Plaintiffs have been subjected  to  reprisal acts  for the purpose of harassing and intimidating Plaintiffs  for exercising their rights to file EEOC Commission  and U.S Office of Special Counsel (OSC)  complaints and for

filing lawsuits and for filing federal SOX Act and state Ethic Act complaints against the Defendants' and the Defendants' contractors.

3.  The Plaintiffs seek relief from these state actors pursuant to claims arising from violations of Constitutional Rights guaranteed First Amendment and the Fourteenth Amendment to the United States Constitution.

## II.   JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' causes of action arise under the Constitution and laws of the United States.

5.  The Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(b)(1), (b)(2) and (e) because one the Defendant resides in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.   PARTIES

6.  **Plaintiffs Gregory Kelly and Annette B. Kelly resident at 6313 Willow Glen Dr. in Montgomery, AL** which is encompassed the U.S District Court for the Middle District of Alabama, Northen Division,

7.  **Defendant, Montgomery City/County Personal Department (MPD) and Defendant, Carmen Douglas** , offices are located at 27 Madison Ave,

5

Montgomery, AL 36104 which is encompassed in the area of the U.S Middle District of Alabama, Northern Division.

8. **Defendant, the Montgomery Personnel Board (MPB)** ; **Defendant John L. Baker , James R. Seale , Jacqueline Crawforord ,** offices are located at 64 North Union Street, Suite 300, Montgomery, Alabama 36130 which is encompassed i the U.S Middle District of Alabama, Northern Division.

9. **Defendant CITY OF MONTGOMERY and Defendant Mayor Steven L. Reed** offices are located at 103 North Perry St, Montgomery, AL 36104 which is the area of the U.S Middle District of Alabama, Northern Division.

10. **Defendant City of Montgomery Economic Development** offices are located at Washington Ave., 4th Floor Montgomery, AL 36101 which is encompassed ithe U.S Middle District of Alabama, Northern Division.

11. **Defendant City of Montgomery Engineering and Environmental Services** offices are located at 25 Washington Avenue, Montgomery, AL 3610 which is encompassed in the area of the U.S Middle District of Alabama, Northern Division.

12. **Defendant City of Montgomery Traffic Engineering Division** offices are located at 934 N Ripley St, Montgomery, AL 36104 which is encompassed in the area of the U.S Middle District of Alabama, Northern Division.

13. **Defendant City of Montgomery Planning Division** offices including the Planning Commission and Land Use Division, are located within City Hall at 103 North Perry Street, Montgomery, AL 36104, which is encompassed i the U.S Middle District of Alabama, Northern Division.

14. **Defendant City of Montgomery Inspection Division** offices are located at 25 Washington Ave, Montgomery, AL 36104, which is encompassed in the area of the U.S Middle District of Alabama, Northern Division.

15. **Defendant City of Montgomery Sanitation Division** offices are located at 934 N Ripley St, Montgomery, AL 36104 which is encompassed in the area of the U.S Middle District of Alabama, Northern Division.

16. **Defendant , City of Montgomery Parks , Recreation and Special Events ,** office is located at 1010 Forest Ave, Montgomery, AL 36106 which is encompassed the U.S Middle District of Alabama, Northern Division.

7

17. **Defendant City of Montgomery Police Department** offices are located at 320 N Ripley St, Montgomery, AL 36104 which is encompassed in the area of the U.S Middle District of Alabama, Northern Division

18. **Defendant City of Montgomery Fire Department** offices are located at Madison Ave. Montgomery, AL 36104; which is encompassed in the area of the U.S Middle District of Alabama, Northern Division

19. **Defendant Montgomery Area Transit System** offices are located at 2318 West Fairview Ave, Montgomery, AL 36108 which is encompassed in the area of the U.S Middle District of Alabama, Northern Division

20. **Defendant City/ County of Montgomery Attorney's Office** is located at 100 S. Lawrence St., Montgomery, AL 36104, housing the District Attorney's Office which is encompassed in the area of the U.S Middle District of Alabama, Northern Division

21. **Defendant Montgomery and City/ County Emergency Agency ( EMA)** are located at 911 Communications Parkway Montgomery AL 36104 which encompassed the U.S Middle District of Alabama, Northern Division

## IV.  COUNTS OF RETALIATION, DISCRIMINATION,  BLACKLISTING , FRAUD WITH FEDEERAL  FUNDS AND   CIVIL RIGHT VIOLATIONS

## COUNT I
## TITLE VII RACE DISCRIMINATION AND  RETALIATION
(Against  Defendants  City-County  Personnel  Department , Carmen Douglas , the Montgomery  City-County  Personnel  Department, John L .Baker , James R. Baker ,James R. Seale, Jacqueline Crawford , the City of Montgomery,  Mayor Steven L. Reed  and the Montgomery Attorney's Office   )

22. The above-named Defendants   and ASU Machine ( secret society) Gang

Members  retaliated  and discriminated  against  the Plaintiffs  and   violated

Plaintiffs' rights under  the Title VII Civil Rights laws under 42 U.S. Code §

2000e-2, which bans  unlawful employment policies.

## COUNT 2
## 42 U.S.C. § 1981 RACE DISCRIMINATION AND  RETALIATION
(Against  Defendants  City-County  Personnel  Department , the Montgomery  City-County  Personnel  Department, John L .Baker , ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and  the Montgomery Attorney's Office   )

23.The above-named Defendants  and ASU Machine ( secret society) Gang

Members retaliated  against  the Plaintiffs on the basis of race under  42

U.S.C. § 1981  ensuring all persons have the same rights as white citizens to

make and enforce contracts for  employment, housing, and other areas.

9

## COUNT 3
## FIRST AMENDMENT RETALIATION UNDER SECTION § 1983
(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, John L .Baker , ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office )

24. The above-named Defendants and ASU Machine ( secret society) Gang Members retaliated against the Plaintiffs and violated their constitutional rights under the First Amendment pursuant to Section § 1983 with a state court gag order to prevent the Plaintiffs free speech rights.

## COUNT 4
## FALSE CLAIMS RETALIATION PURSUANT; 31 U.S.C. § 3730(h).
(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, Montgomery Area Transit , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office )

25. The above-named Defendants and Montgomery Transit (The M) retaliated against for false claims regarding grant funding from the FTA to be eligible to receive the funds, the M Transit signed a Master Service Agreement including the FTA Circular when using federal funds. As part of the FTA Circular, the procurement procedures for procuring architectural and engineering services ("A&E"), required the Montgomery Transit (The M) to use the qualifications and procedures outlined in the Brooks Act. The Brooks Act is a federal statute, codified at Brooks Act, 40 U.S.C. §§1103-1104.

## COUNT 5:
## RETALIATION AND VIOLATIONS OF DTSA ACT
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, John L .Baker , James R. Baker ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed the Montgomery Attorney's Office )**

26. The above-named Defendants and ASU Machine ( secret society) Gang Members retaliated against the Plaintiffs disclosing trade secrets to government officials about to using cheat metering devises , computer glitches, software abnormalities and Trojan Horse software codes and hackable **"IT COMPUTER DATEBASE SCHEMA"** systems, faulty software patches, and dead batteries a **to cause high utility and high sewage bills,** *which* constitute violations under 18 U.S.C. § 1836 where an individual like a government whistleblower shall not be held criminally or civilly liable for the disclosure of a trade secret.

## COUNT 6:
## RETALIATION AND VIOLATION OF TITLE VIII CIVIL RIGHTS ACT
**(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, John L .Baker , James R. Baker ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office )**

27. The above-named Defendants retaliated against the Plaintiffs for reporting Title VIII civil rights violations under Defendants, 2011 HB-56HB-658 laws attempting to criminalize the Plaintiffs business transactions under the FHA Act when seeking access to water, gas, and electricity utility services

11

## COUNT 7:
## RETALIATION AND VIOLATION OF ECOA ACT
**(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, John L .Baker , James R. Baker ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office )**

28. The above-named Defendants and ASU Machine ( secret society) Gang Members retaliated against the Plaintiffs and then attempted to criminalize the Plaintiffs for engaging financial business transactions under the ECOA Act like for FHA loans require homes to have safe, functioning, and independent utilities **(water, gas, electric, sewer).**

## COUNT 8:
## RETALIATION AND VIOLATION OF 1866 CIVIL RIGHTS ACT
## (SPECIFICALLY 42 U.S.C. § 1981 )
**(Against Defendants City of Montgomery Parks , Recreation and Special Events Department at Oakwood Cemetery , the City of Montgomery, and Mayor Steven L. Reed and the Montgomery Attorney's Office )**

29. The above-named Defendants retaliated against the Plaintiffs in violations of the 1866 Civil Rights Act as amended , 42 U.S.C §1981 where the Defendants a are strictly enforcing **Oakwood Cemetery Segregation Act Contracting Clause and burial cemetery policies** with segregated burial plots which constitute violations under 1866 Civil Rights Act grants the Plaintiffs as Black citizens the same rights as white citizens

## COUNT 9:
## RETALIATION AND VIOLATION OF 1866 CIVIL RIGHTS ACT (SPECIFICALLY 42 U.S.C. § 1982 )
**(Against Defendants City of Montgomery Parks , Recreation and Special Events Department at Oakwood Cemetery , the City of Montgomery, and Mayor Steven L. Reed and the Montgomery Attorney's Office )**

30. The above-named Defendants and ASU Machine ( secret society) Gang Members at Oakwood Cemetery have retaliated against the Plaintiffs in violation of 1866 Civil Rights Act as amended , 42 U.S.C §1982 which guarantee all citizens shall have the same rights, in every State and Territory as is enjoyed by white citizens therefore to inherit, purchase, lease, see, hold, and convey real and personal property.

## COUNT 10:
## RETALIATION AND VIOLATION OF THE INA CIVIL RIGHT LAWS
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, John L .Baker , ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office )**

31. The above-named Defendants against the Plaintiffs for reporting coercion , or retaliation acts and actions under the Sections 8 U.S. Code § 1324b of INA Act by virtue of having been subject to the Defendants' laws have a disproportionate and discriminatory impact on Black, Hispanics and non-English speaking job seekers , which constitute violation of the 1952 INA Act laws. Each Defendant has violated Sections 8 U.S. Code § 1324b

13

## COUNT 11:
## RETALIATION AND VIOLATION AGE DISCRIMINATION
(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, John L .Baker , James R. Baker ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office   )

32.   The above-named Defendants  and ASU Machine ( secret society) Gang

Members have  retaliated  against  the Plaintiffs on the account of their age,

and  intentionally  blacklisted the Plaintiffs   under 29 U.S.C. §§ 621–634.


## COUNT 12:
## RETALIATION AND VIOLATIONS OF TITLE III OF THE ADA ACT
## (DISCRIMINATION WITH FEDERAL FUNDS , 42 U.S.C. § 12131)
(Against  Defendants  City-County  Personnel  Department ,  the Montgomery  City-County  Personnel  Department, the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office   )

33.   The above-named Defendants  retaliated  against   and blacklisted the

Plaintiffs  on the account of their disability , and intentionally committed

reprisal acts  under 29 U.S.C. §§ 621–634.


## COUNT 13:
## RETALIATION AND VIOLATION OF TITLE III OF ADA ACT
## ( PORTION OF THE HARRIOTT II RIVER BOAT NOT USEABLE
## AND ACCESSIBLE TO INDIVIDUALS WITH DISABILITIES )
(Against  Defendants  City of Montgomery Parks  and Special Events at Harriott II  Riverboat and Mayor Steven L. Reed  and the Montgomery Attorney's Office   )

34.   The above-named Defendants  and ASU Machine ( secret society) Gang

Members have  retaliated  against  the Plaintiffs for reporting information

14

about sections of Harriott II Riverboat was inaccessible by the Plaintiffs and individuals with disabilities, including individuals who use wheelchairs, which are violations under 28 C.F.R. §§ 36.401 and 36.402.

## COUNT 14:
## RETALIATION AND VIOLATION OF TITLE III OF ADA ACT ( SECTION OF THE GATEWAY AND LAGOON GOLF COURSES NOT ACCESSIBLE TO INDIVIDUALS WITH DISABILITIES )
**(Against Defendants City of Montgomery Parks and Special Events at the Gateway and Lagoon Golf Courses, the City of Montgomery, and Mayor Steven L. Reed and the Montgomery Attorney's Office )**

35. The above-named Defendants and ASU Machine ( secret society) Gang Members have retaliated and discriminated against and blacklisted the Plaintiffs on the account of their disability for reporting information sections of the Gateway and Lagoon Golf Courses are inaccessible to the Plaintiffs and individuals with disabilities, including individuals who use wheelchairs, which are violations under 28 C.F.R. §§ 36.401 and 36.402. 503(b).

## COUNT 15:
## RETALIATION AND VIOLATIONS OF TITLE I OF THE ADA ACT ( ADA ACT EMPLOYMENT DISCRIMINATION 42 U.S.C. § 12111)
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, the City of Montgomery, Mayor Steven L. Reed Montgomery Attorney's Office)**

36. The above-named Defendants retaliated against Plaintiffs under Title I of the 1990 ADA Act due to Plaintiffs' sensory disabilities which constitute unlawful discrimination under Title I of the ADA Act.

15

## COUNT 16:
## RETALIATION AND VIOLATIONS SECTION §508 OF REHAB ACT
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, John L .Baker , James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office)**

37. The above-named Defendants and ASU Machine ( secret society) Gang Members have retaliated and discriminated against the Plaintiffs due to their ' mental and sensory disabilities which constitute unlawful discrimination under Section 508 of the Rehab Act (29 U.S.C. § 794d)

## COUNT 17:
## RETALIATION AND VIOLATIONS SECTION §504 OF REHAB ACT
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, John L .Baker , James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed and the Montgomery Attorney's Office)**

38. The above-named Defendants and ASU Machine ( secret society) Gang Members have retaliated and discriminated against and blacklisted the Plaintiffs due to their ' physical disabilities which constitute unlawful discrimination under Section §504 of the Rehab Act of 1973, 29 U.S.C.§794.

## COUNT 18:
### RETALIATION AND VIOLATION UNDER THE 14th AMENDMENT EQUAL PROTECTION CLAUSE AND TITLE IX CIVIL RIGHTS LAWS
**(Against Defendants City of Montgomery Parks and Recreation Sports Events at city of Montgomery Dixie Youth Baseball/Softball . the City of Montgomery, and Mayor Steven L. Reed and the City of Montgomery and the City/County of Montgomery Attorney's Office)**

39. The above-named Defendants retaliated against the Plaintiffs for reporting and disclosing information about the city of Montgomery Dixie Youth Baseball/Softball "**proof of last menstrual period**" and the "**proof of surgery**" AHSAA sports activities rules and regulations about **banning perceived pre-teens trans youth from participating in the city of Montgomery Dixie Youth Baseball/Softball sporting events**, which constitute violations of 14th Amendment's Equal-Protection clause and sex discrimination under Title IX Civil Rights

## COUNT 19:
### RETALIATION AND VIOLATIONS OF THE TITLE VI LAWS
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, John L .Baker , James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed; and the City of Montgomery Fire Department , City of Montgomery Fire Department Police and the City/County of Montgomery Attorney's Office, )**

40. The above-named Defendants and ASU Machine ( secret society) Gang Members Defendants retaliated and discriminated against the Plaintiffs for filing federal RICO Act lawsuit and Federal whistleblower complaints under Title VI Civil Rights about fraud, waste abuse, wrongdoings and

17

public corruption   under the Paycheck Protection Program (PPP),

**Restaurant Revitalization Fund** (RRF)  and Feeding Our Future  Program

Funds  in the Federal Child Nutrition Program;  administered by the USDA,

and the Emergency Rental Assistance (ERA)  (ERA1 & ERA2)  during the

COVID-19 pandemic, funded by the U.S. Treasury, among other things

41. The Defendants and the  City of Montgomery, AL   infrastructure housing

crisis beginning in the 1990s and reaching a tipping point on **December  21,**

**2025, when three people  died**" following a fire at Woodley Terrace

Apartments  and questions are mounting about what city officials reckless

and negligent  actions.

**COUNT 20:**
**RETALIATION AND VIOLATION OF AFFORDABLE CARE ACT**
**(Against  Defendants  City-County  Personnel  Department and  the**
**Montgomery  City-County  Personnel  Department,  )**

42. The above-named Defendants   retaliated  against  the  Plaintiffs   under the

2010 ACA Act for   filing federal fedeal lawsuits and complaints  related to

an ACA violation such as denying healthcare   cover  for "so called" Black

illness and  diseases,  and charging  Black taxes to non-whites  and Pink

taxes  to women,  the Defendants    Workplace wellness programs do not

comply with the ACA Act , HIPAA  Act,  ADA Act , the GINA) and/or the

ACA Act's  MHPAEA Act  Provisions

## COUNT 21:
## RETALIATION AND VIOLATION UNDER TAXPAYER F IRST ACT (TFA)
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, John L .Baker , ,James R. Seale, Jacqueline Crawford , the City of Montgomery, Mayor Steven L. Reed; and the City/County of Montgomery Attorney's Office, )**

The above-named Defendants   and ASU Machine ( secret society) Gang Members

Defendants   retaliated and discriminated against the Plaintiffs   under the 2010

ACA Act for   Tax fraud under the ACA Act  and  2019 TFA Act  primarily

involves individuals providing false or fraudulent information to obtain advance

premium tax credits (APTC) .

## COUNT 22:
## RETALIATION AND VIOLATION OF GENETIC INFORMATION NONDISCRIMINATION ACT (GINA ACT)
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, the City of Montgomery, Mayor Steven L. Reed; and the City/County of Montgomery Attorney's Office )**

43. The above-named Defendants   and ASU Machine ( secret society) Gang

Members Defendants   retaliated and discriminated against the Plaintiffs

as job applicants for filing charges of GINA discrimination,  and for

opposing discrimination under the GINA Act.

19

## COUNT 23:
## RETALIATION AND VIOLATION OF HEALTH INSURANCE PORTABILITY ACCOUNTABILITY (HIPPA ACT)
### (Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, and the City/County of Montgomery Attorney's Office )

**44.** The above-named Defendants  and ASU Machine ( secret society) Gang

Members  retaliated and discriminated against  the  Plaintiffs  as job

applicants for filing a charge of HIPPA discrimination,  and for  opposing

discrimination under the HIPPA  Act .


## COUNT 24:
## RETALIATION  AND  A VIOLATION  OF THE  2009 ARRA ACT
### (Against  Defendants  City-County  Personnel  Department , Carmen Douglas , the Montgomery  City-County  Personnel  Department and the City/County  of Montgomery Attorney's Office )

**45.** The above-named Defendants  and ASU Machine ( secret society) Gang

Members  retaliated  and discriminated against  the  Plaintiffs for

whistleblowing about    **(a)** Gross mismanagement of a federal contract or

grant **(b)** A gross waste of federal funds  **(c)** An abuse of authority relating to

a federal contract or grant **(d )** A violation of law, rule, or regulation related to

a federal contract **(e)**  A substantial and specific danger to public health or

safety under the ARRA  41 U.S.C. § 4712 (Civilian  Contractors) laws

20

## COUNT 25:
## RETALIATION AND VIOLATION OF THE WORKFORCE INNOVATION AND OPPORTUNITY (WIOA ACT) LAWS
### (Against Defendants City-County Personnel Department , Carmen Douglas the Montgomery City-County Personnel Department, John L .Baker , James R. Seale, Jacqueline Crawford the City of Montgomery, Mayor Steven L. Reed; the City/County of Montgomery Attorney's Office )

46. The above-named Defendants  and ASU Machine ( secret society) Gang Members  retaliated and discriminated against  the  Plaintiffs for whistleblowing and  reporting wrongdoing  under where  the  Defendants used their old and outdated  , and vague,  ambiguous  and undefined  and discriminatory   WIOA Act  workforce GMC  and CIMT employment, training  and contacting  rules  to retaliate  and discriminate  against the Plaintiff    and under Section 188 of  WIOA  Act Provision    because the Plaintiffs were perceived as **being  an atheist  and being  a political  enemy** of Defendants  and ASU Machine ( secret society) Gang Members


## COUNT 26:
## RETALIATION AND  VIOLATION UNDER  U.S SBA  AND THE USDA MBE/SBE FARMERS' CURB MARKET  PROGRAMS
### (Against  Defendants City-County Personnel Department , Carmen Douglas , the Montgomery  City-County  Personnel  Department,  Mayor Steven L. Reed  and the City/County  of Montgomery Attorney's Office )

47. The above-named Defendants  and ASU Machine ( secret society  Gang Members  retaliated  against  the  Plaintiffs for  reporting wrongdoing

**under the U.S SBA  RRF and the  USDA MBE/SBE Farmers Curb**

21

**Market Programs** where the Montgomery Curb Market has over 30 vendors and farmers selling and buying locally produced seasonal vegetables and fruits, canned goods, candles, soaps, lotions, baked goods, plants and teas and unregulated THC and Hemp intoxicating products containing hemp-derived cannabinoids, such as Delta-8 and Delta-10 THC, sold outside the state-licensed cannabis dispensary systems. **A new federal law, effective in November 2026, largely bans these products.**

48. The Defendants also retaliated against the Plaintiffs for alleging that a number of Defendants contractors engaged in a scheme to fraudulently claim or obtain MBE/SBE and MWBE and SDVOSB" status, HUBZone status, or Section 8(a) status for certain Defendants' contractors to bid on and obtain set-aside contracts with the Defendants

### COUNT 27:
### RETALIATION AND VIOLATIONS NATIONAL DEFENSE AUTHORIZATION AUTHORIZATION( NDAA) WHISTLEBLOWER LAWS
**(Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department, the City of Montgomery, Mayor Steven L. Reed; and the City/County of Montgomery Attorney's Office, )**

49. The above-named Defendants and ASU Machine Gang Members retaliated against the Plaintiffs under the NDAA Act for whistleblowing and reporting waste, fraud, or abuse by the Defendants contractors. Defendants contractors are banned using Court orders (like NDAs) and Non-Disclosure

22

Agreements (NDAs) and court orders can be used to enforce silence, and

**"No Gag Clauses"** stop whistleblowers from reporting waste, fraud, or

abuse related to government contracts.

## COUNT 28:
## RETALIATION AND VIOLATIONS OF THE WHISTLEBLOWER PROTECTION ACT (WPA ACT) ; 5 U.S.C § 2306 (b)
### (Against Defendants City-County Personnel Department , Carmen Douglas , the Montgomery City-County Personnel Department and the City/County of Montgomery Attorney's Office )

**50.** The above-named Defendants and ASU Machine Gang Members

retaliated against the Plaintiffs for exposing negligent policies (hiring,

training, etc.) and the Defendants rigging and manipulating their

employment band ranking scores to impede, deter and discourage unwanted

job applicants such as Blacks, Women, Elderly, Immigrant, and blind, deaf

and dumb disabled job seekers and insane individuals with a criminal history

from obtaining jobs and from being placed on the Defendants employment

registers. The Plaintiffs also engaged in protected activities under

subsection (b)(8) of the WPA Act by filing prohibited personnel practice

(PPP) and disclosing information about the Defendants' **discrimination,**

**retaliation, nepotism, coercion, improper hiring, violating merit system**

**principles and medical records:** unlawfully accessing an employee's

medical records

23

## COUNT 29:
## RETALIATION AND VIOLATIONS UNDER THE CAA ACT
**(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering and Enviromnatal Services and the City/County of Montgomery Attorney's Office )**

51. The above-named Defendants and ASU Machine Gang Members retaliated against the Plaintiffs for report information on the Defendants' contractors releasing and venting GHG (like HFCs, CFCs, and HCFCs) into the atmosphere which constitute violations of Section 608 of the CAA Act during servicing, maintenance, or disposal of illegal GHG refrigerants.

## COUNT 30:
## RETALIATION AND VIOLATIONS UNDER THE CWA ACT
**(Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering and Enviromnatal Services and the City/County of Montgomery Attorney's Office )**

52. The above-named Defendants and ASU Machine Gang Members retaliated against the Plaintiffs for report information about the Defendants' contractors releasing and venting GHG (like HFCs, CFCs, and HCFCs) into the atmosphere which constitute violations of Section 608 of the CAA Act during servicing, maintenance, or disposal of illegal GHG refrigerants which constitute violations under the CWA Act.

24

## COUNT 31:
## RETALIATION AND VIOLATIONS UNDER THE SWDA ACT
**(Against Defendants Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering and Enviromnatal Services and the City/County of Montgomery Attorney's Office )**

53. The above-named Defendants and ASU Machine Gang Members retaliated against the Plaintiffs for report informatio about the Defendants contractors and the Defendants business associates such as "Big Box" retailers are/were dumping pesticides, fertilizer, ignitable aerosols and other Ignitable Waste, and Electronic Waste (E-Waste), batteries, Medical Waste, and other Hazardous Wastes in sewage systems

## COUNT 32:
## RETALIATION AND VIOLATIONS UNDER THE RCRA ACT
**(Against Defendants Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering and Enviromnatal Services and the City/County of Montgomery Attorney's Office )**

54. The above-named Defendants retaliated against the Plaintiffs for report information under the Resource Conservation and Recovery Act (RCRA about the Defendants contractors disposing of old cars illegally, often involving improper handling of hazardous fluids (oils, antifreeze, batteries) or scrapping without owner consent, which constitute violations under the RCRA Act and state laws.

25

## COUNT 33:
## RETALIATION AND VIOLATIONS OF THE CERCLA ACT
**(Against Defendants Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering and Enviromnatal Services and the City/County of Montgomery Attorney's Office )**

55. The above-named Defendants retaliated against the Plaintiffs for their

**public advocacy activity to put the Capital City of Plume site on**

**the National Priorities List (NPL)** and for protesting about road slag

containing PCBs (Polychlorinated Biphenyls) being used on the city streets

in Montgomery, AL.

## COUNT 34:
## RETALIATION & VIOLATIONS OF THE FEDERAL SDWA ACT
**(Against Defendants Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering and Enviromnatal Services and the City/County of Montgomery Attorney's Office )**

56. The above-named Defendants retaliated against the Plaintiffs for filing

complaint and seeking criminal and civil prosecution of toxic tort

environmental crimes and environmental frauds under the SDWA Act

Provisions concerning the failure of the Defendants to provide drinking

water that is reliably compliant with the SDWA Act

## COUNT 35:
## RETALIATION AND VIOLATIONS OF THE FEDERAL SPA ACT
**(Against  Defendants  Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department  and City of Montgomery Engineering  and Enviromnatal Services and  the City/County  of Montgomery Attorney's Office )**

The above-named Defendants  retaliated against  the  Plaintiffs   for filing

complaint   under the Seaman's Protection Act (SPA Act )  **about   the  old and**

**outdated Harriott   II River Board being  "NOT BEING SEAWORTHY"**

unsafe  conditions due  old, outdated  and defective  electrical, mechanical  and

GPS navigation  equipment.

## COUNT 36:
## RETALIATION & VIOLATIONS OF THE FEDERAL STAA ACT
**(Against  Defendants  Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department  and Montgomery Area Transit and  the City/County  of Montgomery Attorney's Office )**

The above-named Defendants  retaliated against  the  Plaintiffs   for filing complaint   under the Surface Transportation Assistance Act (STAA) 49 U.S.C. §31105about  **the  old and outdated City of Montgomery  Public Transit buses  being  "NOT BEING ROADWORTHY"**   unsafe work caused by old and defective  electrical, mechanical  and GPS navigation  equipment.

## COUNT 37:
## RETALIATION AND VIOLATIONS OF  FEDERAL  11 (c) OSH  ACT
### FAULTY  AND OVERPRICED PPE EQUIPMENT
### (Against Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department  and City of Montgomery Engineering  and Enviromnatal Services and  the City/County  of Montgomery Attorney's Office )

57. The above-named Defendants  retaliated against  the  Plaintiffs   for

reporting  information  about : (a) Defendants contractors such as Chinese

PPE equipment company under a major deal for protective masks  introduce

and/or  caused  to introduce into interstate  commerce  worthless and

defective   PPE equipment into interstate  commerce , (b) Defendants

contracts aiding and abetting in price gouging during  EMA emergencies by

unfair and deceptive trade practices in connection with the 2020 CARE Act

and COVID-19 pandemic, which markup  on worthless and defective   PPE

equipment more than 100 percent, which  constitute  violations  under

Section 11(c) of the OSH Act,  and the FTC and RPA Act Anti-trust laws and

the UDAP (Unfair or Deceptive Acts or Practices) and UDAAP (Unfair,

Deceptive, or Abusive Acts or Practices) are consumer protection laws.

28

**COUNT 38:**
**RETALIATION & VIOLATIONS OF FEDERAL 11 (c) OSH ACT**
**FAULTY AND FIRE PRONG SMART METERS**
**(Against Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering Services and the City/County of Montgomery Attorney's Office )**

58. The above-named the Defendants retaliated against the Plaintiffs for reporting information about faulty "smart meters" are prong to catch fire and the Defendants retaliated against the Plaintiffs under Section 11(c) of OSHA law" for reporting smart meters hazard or safety issue, violating Section 11(c) of the OSHA Act.

**COUNT 39:**
**RETALIATION & VIOLATIONS OF FEDERAL FSMA ACT**
**(Against Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering Services and the City/County of Montgomery Attorney's Office )**

59. The above-named the Defendants and ASU Machine Members retaliated against the Plaintiffs for reporting information the Defendants vendors at the selling black-marketed misbranded and unregistered and high levels of THC and hemp infused food products and drinks **at** the city of Montgomery City Curb Markets which **constitute violations under both the Food Safety Modernization Act (FSMA Act ) and under the Controlled Substances Act (CSA Act ); and whistleblower protections related to the CSA Act arise under the False Claims Act (FCA Act ).**

## COUNT 40:
## RETALIATION AND VIOLATIONS OF FEMA'S STAFFORD ACT
### (Against Mayor Steven L. Reed; Montgomery City/County EMA and the City/County of Montgomery Attorney's Office )

60. The above-named Defendants retaliated against the Plaintiffs for reporting information about state, county and city government agencies have " **NO AND/OR OUTDATED DISASTER EVACUATION PLANS** for schools' students of color in public schools with disabilities which constitute violating of FEMA Stafford Act, (Sections 308 & 309) and the Title II 2008 ADA-AA Act and IDEA Act

## COUNT 41:
## RETALIATION AND VIOLATION OF THE No-FERA ACT
### (Against Defendants City-County Personnel Department , the Montgomery City-County Personnel Department, Mayor Steven L. Reed; the City of Montgomery, City of Montgomery Sanitation Department and City of Montgomery Engineering Services and the City/County of Montgomery Attorney's Office )

61. The above-named Defendants retaliated against the Plaintiffs for reporting and exposing violations under the No FEAR Act which mandates all federal agencies, government contracts, sub-contractors and grantees and sub-grantees post a notice on their public websites after a finding of discrimination (including retaliation), and notices to applicants to inform them of the rights and protections available to them under federal antidiscrimination and whistleblower protection laws.

30

## COUNT 42:
## RETALIATION AND VIOLATIONS OF STATE ETHIC ACT
### (Against All Defendants )

62. The above-named Defendants and ASU Machine ( secret society) Gang Members and more than 458 state agencies retaliated against the Plaintiffs for reporting misconduct, public corruption and wrongdoing in public office by the Defendants.

## COUNT 43:
## RETALIATION AND VIOLATIONS OF THE RICO ACT
### (Against All Defendants)

63. The above-named Defendants and ASU Machine ( secret society) Gang Members and more than 458 state agencies retaliated against the Plaintiffs under the RICO Act (Racketeer Influenced and Corrupt Organizations Act) typically arises when a person is harmed for whistleblowing or cooperating with law enforcement, often involving predicate acts or other illegal activities within a **CRIMINAL ENTERPRISE**, allowing victims to sue for *triple (3X) damages* against organized crime, leading to severe penalties for offenders, including prison and forfeiture

31

## COUNT 44
## RICO ACT CRIMES BY A PATTERN OF RACKETEERING CAUSED INJURIES TO THE PLAINTIFFS
### (Against All the Defendants)

**64.** The above-named Defendants and ASU Machine Gang Members in a "**meeting of minds**" to continue their outrageous conduct and reckless acts and actions with a total disregard for the rights, safety and interests of the Plaintiffs and the Plaintiffs property rights in their state job( s) and financial interests, of the Plaintiffs and the Defendants pattern of racketeering caused damage to the Plaintiffs.

## COUNT 45
## RETALIATION UNDER SECTION §1107 OF THE 2002 SOX ACT
### ( Against All the Defendants)

**65.** The above-named Defendants and ASU Machine ( secret society) Gang Members retaliated against the Plaintiffs and blacklisted the Plaintiffs 31 U.S.C. § 3730(h) due to their disclosing financial frauds under the ACA Act , ARPA Act and ARRA Act federal funds and benefits

## COUNT 46:
## RETALIATION AND A PATTERN OF VIOLATION OF THE CRIMINAL ANTITRUST ANTI-RETALIATION (CAARA) LAWS
### (Against Al the Defendants )

66. The above-named Defendants and ASU Machine ( secret society) Gang

Members retaliated and discriminated against the Plaintiffs for

whistleblowing about price/ wage-fixing causing water and sewer bills to

being abnormally high .

## COUNT 47:
## RETALIATION AND VIOLATION OF THE OMNIBUS CRIME AND CONTROL SAFE STREETS ACT (OCCSSA ACT ) AND THE 14th AMEMDMENT EQUAL PROTECTION CLAUSE
### (Against All the Defendants )

67. The above-named Defendants retaliated against and blacklisted the

Plaintiffs within a **CRIMINAL ENTERPRISE** by denying the Plaintiffs

the rights to sue and immunities secured or protected by the Constitution or

laws of the United States, which constitute violations under the anti-

retaliation provision in the Omnibus Crime Control and Safe Streets Act,

specifically 42 U.S.C. § 3789d(c), prohibits recipients of federal funds from

discriminating or retaliating against individuals such as government

whistleblower for opposing unlaw and/or discriminatory acts .

33

## COUNT 48:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

68. The above-named Defendants and ASU Machine ( secret society) Gang Members and more than 458 state agencies Defendants and their business associates conduct, and actions constitute intentional infliction of emotional distress on the Plaintiffs that was malicious.

## V.   INCONCLUSION

**WHEREFORE, the Plaintiffs demand a trial by jury and thus asking for the following: $2, 600,000.000 ( Twenty -Six Hundred Million dollars)**

i.   $200,000.000 ( One Hundred Million dollars) to be paid by Montgomery City-County Personnel   Board

ii.   200,000.000 ( One Hundred Million dollars) to be paid by Montgomery City-County Personnel   Department

iii.   200,000.000 ( One Hundred Million dollars) to be paid by City of Montgomery  Mayor   Department

iv.   200,000.000 ( One Hundred Million dollars) to be paid by Montgomery County/City  Attorney Office

v.   200,000.000 ( One Hundred Million dollars) to be paid by City of Montgomery  Economic Development  Department

34

vi.    200,000.000 ( One Hundred Million dollars) to be paid by City of Montgomery Engineering and Environmental Service Department

vii.    200,000.000 ( One Hundred Million dollars) to be paid by City of Montgomery Traffic Engineering

viii.    200,000.000 ( One Hundred Million dollars) to be paid by Montgomery Area Transit System

ix.    200,000.000 ( One Hundred Million dollars) to be paid by the Mayor Steven L. Reed

x.    200,000.000 ( One Hundred Million dollars) to be paid by John l. Barker

xi.    200,000.000 ( One Hundred Million dollars) to be paid by James R. Seale

xii.    200,000, 000 ( One Hundred Million dollars) to be paid by Jacqueline Crawford

xiii.    200,000.000 ( One Hundred Million dollars) to be paid by Carmen Douglas

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the jury

will award him, based on the facts and circumstances of this case, an amount of

money to adequately compensate the Plaintiff and to sufficiently punish the

Defendants so as to deter such action in the future.

**Respectfully Submitted January 9 of 2026.**

By: _____

**Gregory  Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

By: _____

**Annette B. Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

36