IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 2:26-cv-19-ECM ) [WO] |
| MONTGOMERY CITY-COUNTY PERSONNEL DEPARTMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

**O R D E R**

On May 21, 2025, the Court declared Gregory Kelly a vexatious litigant "as a consequence of Kelly's vexatious filing of shotgun pleadings" and further ordered that "in the event [Gregory] Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." (Doc. 52 at 2 in *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (M.D. Ala.)). Then, on December 15, 2025, the Court ordered that, "[a]s a consequence of Gregory Kelly's vexatious filing of shotgun and frivolous pleadings, and now by and through his wife, Annette B. Kelly, in the event Gregory Kelly or anyone acting in concert with him, including Annette B. Kelly, files a shotgun or facially frivolous complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prior notice." (Doc. 23 at 3 in *Kelly et al. v. Alabama State Port Auth. et al.*, 2:25-cv-825-RAH-JTA) (M.D. Ala.)).

On January 9, 2026, the Kellys filed this *pro se* civil action against approximately twenty Defendants, most or all of which are City of Montgomery entities or employees of the City. (Doc. 1). In the fifty-three-page complaint, the Kellys assert forty-eight claims against many or all of the Defendants, including federal claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), the Health Insurance Portability and Accountability Act ("HIPPA"), claims of constitutional violations pursuant to 42 U.S.C. § 1983, and various Alabama state law claims. After careful review, and for the reasons explained below, the Court concludes that the complaint is a shotgun pleading and facially frivolous, and it is due to be dismissed without prejudice.

Rule 8 requires, among other things, that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). As relevant here, one type of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

2

The Kellys' complaint (doc. 1) is unquestionably a shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See id.* It is difficult, if not impossible, to discern what alleged conduct is attributable to which Defendant. Most, if not all, of the Kellys' allegations make no distinction among the numerous named Defendants, even though it is apparent that "all of the defendants could not have participated in every act complained of." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). For example, in their Title VII claim in Count 1, the Kellys allege that ten Defendants—some individuals and some entities—retaliated and discriminated against the Kellys without specifying which Defendant is responsible for which alleged act(s) or omission(s). This deficiency is even more problematic given the lack of factual allegations in support of the claim, which is instead supported by the conclusory allegation that the Defendants discriminated against the Kellys. Thus, the complaint is a shotgun pleading because it "fail[s] to give any defendant fair notice of the allegations against it." *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020).

Additionally, the complaint is facially frivolous in several respects. First, the Kellys purport to bring Title VII and ADEA claims against multiple individuals, yet the Eleventh Circuit has repeatedly held that there is no individual capacity liability under Title VII or the ADEA. *See, e.g.*, *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (first citing *Busby v. City of Orlando*, 931 F.3d 764, 772 (11th Cir. 1991); then citing *Smith v. Lomax*,

45 F.3d 402, 403 n.4 (11th Cir. 1995)).  Second, the Kellys bring a claim under HIPPA, but "no private right of action exists under [HIPPA]." *Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) (per curiam).[1]  Third, the complaint is premised (at least in part) on the conclusory and fantastical allegation that all of the Defendants have conspired with undefined "ASU Machine (secret society) Members." (*See, e.g.*, doc. 1 at 3 (parenthetical in original)).  Finally, most of the claims are supported by virtually no well-pleaded factual allegations.  For these reasons, this case is due to be dismissed without prejudice because it is a shotgun pleading and facially frivolous.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. This case is DISMISSED without prejudice;

2. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED;

3. **As soon as practicable but no later than <u>March 4, 2026</u>, the Kellys shall pick up the service packets in this case from the Middle District of Alabama Clerk's Office, located at 1 Church Street, Montgomery, AL 36104.**

A separate Final Judgment will be entered.

DONE this 2nd day of February, 2026.

                                         /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      UNITED STATES DISTRICT JUDGE

---

[1] While the Court acknowledges that *Crawford* is nonbinding, the Court finds it persuasive.